**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JERRY ANTONIO KING, a/k/a Michael Peterkin,
          *Defendant-Appellant.*

No. 02-4775

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-804)

Submitted: June 30, 2003

Decided: August 8, 2003

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

John A. O'Leary, O'LEARY ASSOCIATES, INC., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pursuant to a written plea agreement, Jerry Antonio King pleaded
guilty to being a felon in possession of a firearm, possession with
intent to distribute 500 grams of cocaine, and using or carrying a fire-
arm during and in furtherance of a drug trafficking crime. He now
appeals his convictions. We affirm.

King first claims that his plea was not voluntary. The transcript of
the Fed. R. Crim. P. 11 proceeding discloses that King was competent
to enter a guilty plea and that his plea was voluntary. King answered
questions appropriately, expressed his satisfaction with his attorney's
services, and stated that he understood the charges to which he was
pleading guilty, the penalties to which he was subject, and the rights
he was waiving by pleading guilty. None of the material* before us
suggests that King lacked the "present ability to consult with his law-
yer with a reasonable degree of rational understanding . . . [or] a ratio-
nal as well as a factual understanding of the proceedings against him."
*See Dusky v. United States*, 362 U.S. 402, 402 (1960). We conclude
that the district court did not abuse its discretion in finding that King
was competent to enter his plea.

King also asserts that his attorney was ineffective for allowing him
to plead guilty when there was a question as to his client's compe-
tency. Claims of ineffective assistance of counsel are ordinarily not
cognizable on direct appeal unless the record conclusively establishes

---

*The material includes the supplemental appendix in which the court
reporter who transcribed the Rule 11 proceeding stated in an affidavit
that she omitted a word in the original transcript. The court reporter
stated in her affidavit that defense counsel responded to the court's ques-
tion as to whether he had any question about King's competence, "I have
no doubt, Your Honor." A corrected transcript page was submitted.

ineffectiveness. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). As ineffectiveness does not appear on the face of the record, we do not address the claim.

We therefore affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before us and argument would not significantly aid the decisional process.

*AFFIRMED*